UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| REBECA PHANDA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17 CV 234 SNLJ |
| | ) | |
| AARON'S, INC. and JOHN EVANS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

Plaintiff Rebeca Phanda filed this lawsuit against her defendant employer, Aaron's, Inc., and her regional supervisor John Evans in the County of St. Louis, Missouri on May 23, 2016. Defendants Aaron's and Evans are citizens of Georgia and Tennessee, respectively. At the time of filing, the lawsuit also named as a defendant Joseph Barks, who was plaintiff's immediate supervisor and a citizen of Missouri. Because plaintiff is also a citizen of Missouri, diversity of citizenship did not exist at the time plaintiff filed her complaint. On December 23, 2016, the state court dismissed plaintiff's claims against then-defendant Barks with prejudice because plaintiff failed to exhaust administrative remedies with respect to him. Because the dismissal of Barks created a case with completely diverse parties and an amount in controversy that exceeds $75,000, defendants removed the matter to this Court on January 20, 2017.

Plaintiff filed the instant motion for remand (#22) on February 22, 2017, arguing that the former defendant Barks's dismissal was in error and should be reversed. Defendants respond that plaintiff's motion should be denied because (1) it is untimely; (2) removal was proper, and (3) plaintiff cannot defeat subject matter jurisdiction by collaterally attacking the prior order of

1

the state court dismissing a non-diverse defendant from this action. Plaintiff did not file a reply brief, and the time for doing so has now passed.

The plaintiff's motion to remand was due on February 21, 2017. Thus, plaintiff's February 22, 2017 motion to remand was indeed untimely. Even if it were not untimely, however, plaintiff's motion to remand is without merit. Plaintiff's motion is entirely focused on whether Barks should have been dismissed from her lawsuit. She states that she should be allowed to fully develop discovery in her state court proceeding and that she will prevail in her motion to reconsider currently before the state court. Although it is true that federal courts have remanded cases where there is a "reasonable basis for predicting that the state's law might impose liability against the [nondiverse] defendant," *see Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003), that argument is inapposite here. *See also Bergsieker v. McDonald's Corp.*, 4:14-CV-1419 RLW, 2015 WL 1457067, at *4 (E.D. Mo. Mar. 30, 2015). Here there are no such grounds for a "reasonable basis" for predicting liability against Barks because the state court, in fact, chose not to impose liability against defendant Barks. The cases upon which plaintiff relies involve questions of fraudulent joinder, in which nondiverse defendants are still parties to the case. Those circumstances do not exist here.

Plaintiff does not now dispute that diversity jurisdiction is satisfied. This Court is not imbued with the authority to review the state court judgment dismissing Barks. *See Apperson v. Auto Owners Ins. Co.*, 2:13 CV 35 RWS, 2013 WL 3946086, at *1 (E.D. Mo. July 31, 2013) (citing *District of Columbia Court of Appeals v Feldman*, 460 U.S. 462 (1983)). Barks has been dismissed, and complete diversity exists. Plaintiff's motion to remand will be denied.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to remand (#22) is DENIED.

Dated this  18th  day of April, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE