# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| REBECA PHANDA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17 CV 234 SNLJ |
| | ) | |
| AARON'S, INC. and JOHN EVANS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

Plaintiff moves to vacate the Court's Order of February 21, 2018 and to reinstate the Court's Order of February 15, 2018 (#44). This comes after a relatively complicated series of motions and memoranda stemming from the parties' December 2017 disagreement regarding deadlines. Plaintiff sought to reopen discovery through January 7, 2018 to complete depositions of three or four individuals. Defendant asked for more time in which to file dispositive motions. The Court granted both motions and ordered the parties to agree upon a new Case Management Order ("CMO").

Plaintiff filed the agreed-upon CMO attached to an agreed motion. The attached agreed CMO allowed for an extension of discovery but included the stipulation that the extension was for the sole purpose of completing certain depositions (the "Stipulation"). The Court inadvertently left the Stipulation out of the amended CMO it entered on January 18 (#35). Plaintiff sought written discovery from defendant and defendant objected based on their agreed upon Stipulation. Plaintiff moved to compel. Defendant moved to correct the CMO. This Court granted defendant's motion and entered the CMO as it had been proposed originally, with the Stipulation, on February 21 (#42, #43). Now, plaintiff moves to vacate that February 21 order

1

and reinstate the January 18 order because, plaintiff says, she did not actually agree to the Stipulation. Plaintiff explains that her counsel filed the wrong version of the "agreed-upon" CMO. Indeed, it appears that the motion plaintiff filed (#34) on January 17 did not include the Stipulation --- which is undoubtedly why this Court did not include the Stipulation in the order it entered --- although the proposed CMO itself did include the Stipulation.

Defendant's February 20 motion states that the plaintiff did agree to the Stipulation and attached e-mail exchanges between counsel. Defense counsel's January 17, 3:48 p.m. email to plaintiff's counsel insisted upon the Stipulation and said that if the proposed amended CMO (with Stipulation) were not acceptable to plaintiff, then they would have to resolve the disagreement with the Court. Although defendant does not say how it happened, defendant further states that plaintiff's counsel agreed and filed the joint motion with the agreed-upon CMO that included the Stipulation. Plaintiff's counsel filed the motion at 5:51 p.m.

Plaintiff says counsel made a mistake and that she needs additional discovery time because "Defendant did not fully respond to Plaintiff's first set of discovery." (#46 at 3.) Given this explanation, the Court notes that plaintiff's remedy under those circumstances was not to propound new discovery, but to file a motion to compel. Discovery was to be completed on November 3, 2017. Although the Court will resolve motions to compel appropriately brought before it with respect to written discovery propounded during the original discovery period, plaintiff has not justified her request for additional written discovery at this time.

To the extent defendant has promised plaintiff emails or other documents that have not yet been produced (#44 at 4), defendant shall do so. Defendant shall respond to the outstanding motion to compel (#39) no later than March 5, 2018.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to vacate (#44) is DENIED.

IT IS FURTHER ORDERED that defendant shall respond to the outstanding motion to compel (#39) no later than March 5, 2018.


Dated this  28th  day of February, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE